IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 15-07088 |
| AMERICAN AGENCIES CO., INC. | |
| Debtor in Possession | CHAPTER 11 |
| IN RE: | CASE NO.: 15-07090 |
| NEW STEEL, INC. | |
| Debtor in Possession | CHAPTER 11 |

MOTION FOR SUBSTANTIVE CONSOLIDATION

TO THE HONORABLE COURT:

**COME NOW**, *American Agencies Co., Inc.,* and *New Steel, Inc.,* Debtors herein, through the undersigned attorney, and very respectfully STATE and PRAY:

1. On this same date the Debtors filed their bankruptcy petitions under the provisions of Chapter 11 of the U.S. Bankruptcy Code.

2. The above captioned Debtors are related Debtors. New Steel, Inc., fabricates steel structures upon demand of American Agencies, Co., Inc. American Agencies Co., Inc., is the sole client of New Steel, Inc. Both Debtors share common stockholders and management and are both liable to the main secured creditor Banco Popular Puerto Rico ("BPPR").

3. For the reasons stated below, the Debtors contend that under these particular facts the substantive consolidation of their cases and entities is warranted.

FACTS THAT ALLOW SUBSTANTIVE CONSOLIDATION

4. Both entities serve a common purpose and were created so that they could act as separate

1

branches of the same business enterprise. New Steel, Inc., is dedicated to the manufacture of steel structures and American Agencies Co., Inc., is dedicated to the sale and assembly of the steel structures. They also have the same shareholders, officers and directors. A review of the Schedules and Statement of Financial Affairs shows the common ownership and management of both entities.

5. Both Debtors are dedicated to the same industry, the construction, fabrication, assembly and sale of steel structures. The work force of both Debtors is united in an attempt to maximize profit.

6. The Debtors share common creditors. In particular the largest creditor by a significant margin for each debtor is Banco Popular de Puerto Rico. Both Debtors are indebted to this creditor jointly.

## LEGAL BASIS FOR SUBSTANTIVE CONSOLIDATION

7. Inherent in the equitable powers of this Court, and codified in 11 USC § 105(a), this Court has the power to consolidate multiple entities into a single entity when equity requires or allows it. *See Drabkin v. Midland-Ross Corp., (In re Auto-Train Corp.)*, 810 F.2d 270, 276 (D.C. Cir. 1987). Further, the Bankruptcy Code explicitly allows such a procedure in order to facilitate a reorganization plan. *See* 11 USC § 1123(a)(5)(C).

8. In determining whether to grant substantive consolidation, bankruptcy courts must determine whether "on balance, consolidation will foster a net benefit among all holders of unsecured claims . . . [and that] any inequity to particular claimants would be overborne by the benefits to claimants generally." *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

9. Indeed, when there is "substantial identity between the entities to be consolidated . . .[and the consolidation] is necessary to avoid some harm or to realize some benefit," substantive consolidation is not only permissible but to be encouraged. *Drabkin v. Midland-Ross Corp., (In re Auto-Train Corp.)*, 810 F.2d 270, 276 (D.C. Cir. 1987).

10. In the instant matter, the facts warrant the grant of substantive consolidation. The Debtors share the same substantial identity–having common shareholders, directors and officers. Moreover, their primary business activities are similar and interrelated.

11. The largest creditor for each entity is the same, BPPR, on account of the same business transaction. Both Debtors share common defenses with respect to the claim of this mutual creditor.

12. No creditor nor party in interest will gain any untoward benefit, nor shall any party suffer harm, if substantive consolidation is granted. Nevertheless, should the Debtors be forced to reorganize separately, the administrative costs and the costs associated with separate litigation of common liabilities will be to the detriment to the estate and to all of the creditors.

13. The commonality of business activities (public relations, promotion, and advertising activities) combined with the common ownership and management between both Debtors enables them to be treated as a singular unit.

14. The Debtors contend that all of the creditors will benefit from substantive consolidation of the Debtors because it will allow for a more expeditious adjudication of disputes, a clearer statement of obligations and available assets, and facilitate the implementation of a plan.

15. Accordingly, under the equitable principles outlined above and pursuant to 11 USC § 1123(a)(5)(C), the Debtors believe that substantive consolidation is warranted in this instance as the consolidation of two substantially similar entities who share the same largest creditor will redound to the benefit of all of the creditors and the estate.

**NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST**

**YOU ARE HEREBY NOTIFIED** that parties are granted a term of fourteen (14) days in order to file any objections to this request for substantive consolidation. Any response must be in writing and filed with the clerk, and a copy must be served upon the debtor, through its counsel, C. Conde & Assoc., at the address listed below prior to the date set forth herein. If a response is filed a hearing will be held with notice only to the objecting party. No hearing will be conducted hereon unless a written response is timely filed with the Clerk of the United States Bankruptcy Court for the District of Puerto Rico, 300 Recinto Sur street, San Juan, Puerto Rico, 00901, within 14 days from the date of service hereof.

If no timely objections are filed, the Court will enter the Order approving the Substantive Consolidation without further notice or hearing.

**WHEREFORE**, Debtors respectfully request this Court to order the substantive consolidation of the above-captioned cases on an expedited basis to allow for a more efficient adjudication of all the captioned matters that will benefit all of the creditors and the estate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of September, 2015.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through

the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the U.S. Trustee and by First Class Mail to all creditors and parties in interest as per the Master Address List.

**C. CONDE & ASSOC.**

/s/Carmen D. Conde Torres

By: Carmen D. Conde Torres, Esq.

USDC No. 207312

254 San José Street, 5th Floor

Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900

Facsimile: 787-729-2203

E-Mail: *condecarmen@condelaw.com*