### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 15-07088 (BKT) |
| AMERICAN AGENCIES CO., INC. | |
| Debtors in Possession | CHAPTER 11 |
| IN RE: | CASE NO.: 15-07090 (BKT) |
| NEW STEEL, INC. | |
| Debtors in Possession | CHAPTER 11 |

### DEBTORS CONSOLIDATED
### PLAN OF REORGANIZATION/LIQUIDATION

### ARTICLE I

### DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth. A term used but not defined herein, which is also used in the Bankruptcy Code, shall have the meaning ascribed to that term in the Bankruptcy Code. Wherever from the context it appears appropriate, each term stated shall include both the singular and the plural, and pronouns shall include the masculine, feminine and neuter, regardless of how stated. The words "herein", "hereof", "hereto", "hereunder" and other words of similar import refer to the Plan as a whole and not to any particular Section, sub-section or clause contained in the Plan. The rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the terms of this Plan. The headings in the plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

*"Administrative Creditor"* shall mean a person entitled to payment of an Administrative Expense Claim.

*"Administrative Expense Claim"* shall mean any Claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 U.S.C. Sec. 503(b) and 507(a)(1).

1

*"Allowed Claim"* shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely January 17, 2016, for all creditors except governmental units and March 14, 2016, for a governmental unit, or if no proof of claim has been so filed, any claim which has been or hereafter is listed by the Debtor in its Schedules (as they may be amended or supplemented from time to time in accordance with the Bankruptcy Rules) and is not listed as disputed, contingent or unliquidated and, in either case, a claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or as to which any objection has been determined by a Final Order. Unless otherwise provided for in this Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

*"Allowed Secured Claim"* shall mean any Allowed Claim which is a Secured Claim and shall include in the amount thereof - unless otherwise stated in this Plan - all interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

*"Bankruptcy Code" or "Code"* shall mean the provision of Title 11 of the United States Code, 11 U.S.C. Sections 1101 et seq., as amended from time to time.

*"Bankruptcy Court" or "Court"* shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

*"Bankruptcy Rules" or "Rules"* shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as promulgated under 28 U.S.C. §2075, and any local rules of the Bankruptcy Court.

*"Bar Date"* shall mean the deadline January 17, 2016, for all creditors except governmental units and March 14, 2016, for a governmental unit, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims in distributions under this Plan or to vote on the Plan.

*"Cash"* shall mean lawful currency of the United States of America (including wire transfers, cashier's checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks and money orders).

*"Claim"* shall mean any right to payment whether or not such right is reduced to

2

judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, continent, matured, unmatured, disputed, undisputed, secured or unsecured.

*"Class"* shall mean a category of holders of Claims or Interests as those classes are designated in Article II of this Plan.

*"Collateral"* shall mean any property or interest in property of the Estate subject to a lien to secure the payment or performance of a Claim, which lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable law.

*"Confirmation Date"* shall mean the date the Confirmation Order in this Chapter 11 proceeding made in accordance with the provisions of 11 U.S.C. Section 1129 becomes a Final Order.

*"Confirmation Order"* shall mean the order of the Bankruptcy Court confirming the Plan pursuant to the provisions of the Bankruptcy Code.

*"Consummation Date"* shall mean the date by which all of the conditions precedent to consummation as set forth in this Plan, shall have been met or waived.

*"Cramdown"* shall mean the confirmation of the Plan under 11 U.S.C. §1129 (b).

*"Creditor"* shall mean any Person who has a Claim against the Debtors which arose on or before the Petition Date or a Claim of any kind specified in 11 U.S.C. Sections 502(g), 503(h) or 502(I).

*"Creditors' Committee"* shall mean the elected committee which represents the Creditors in a proceeding pursuant to 11 U.S.C. Section 705. A creditor's committee was not appointed in this case.

*"Critical Vendors"* shall mean those creditors which are critical for debtor' operations and reorganization process, which were so declared by the Bankruptcy Court. No Critical Venders have been named or declared at this time.

*"Debtors"* shall mean American Agencies Co. Inc. and New Steel Inc.

*"Disclosure Statement"* shall mean the Disclosure Statement filed by the Debtors with

3

the Bankruptcy Court in this Chapter 11 Proceeding pursuant to 11 U.S.C. Section 1125, including, without limitation, all exhibits and schedules thereto, as approved by the Bankruptcy Court and notified to all Creditors and parties in interest, in accordance with the provisions of the Bankruptcy Code and Rules.

*"Effective Date"* shall mean thirty (30) days after the Order entered by the Court confirming Debtor's Plan of Reorganization, is final. This shall be the date in which all initial cash payments under the plan will commence.

*"Estate"* shall mean the Property owned by the Debtors which comprises the Chapter 11 estate of the Debtors in the above-captioned Chapter 11 proceeding pursuant to Section 541 of the Bankruptcy Code.

*"Final Order"* shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and as to which no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such Order shall have become final in accordance with Rule 8002 of the Rules of Bankruptcy Procedure, as such Rule may be amended from time to time; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

*"Lien"* shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the Petition Date.

*"Liquidation Analysis"* shall mean the analysis of the assets and liabilities of the Debtors, in order to determine the Liquidation Value of the Debtors' Property.

*"Liquidation Value"* shall mean the value which any item of the Debtors' property could be expected to bring at liquidation.

*"Person"* shall mean any individual, corporation, partnership, association, join stock company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

4

*"Petition Date"* shall mean September 15, 2015, the date on which the instant Chapter 11 proceeding was commenced by the Debtors' filing of their Voluntary Petitions.

*"Plan"* shall mean this Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated January 13th, 2016, including, without limitation, all exhibits, supplements, appendices and schedules hereto and thereto, either in their present form or as the same may be altered, amended or modified from time to time.

*"Priority Claim"* shall mean any Allowed Claim, other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a).

*"Priority Creditor"* shall mean any Creditor which is the holder of a Priority Claim.

*"Priority Tax Claim"* shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(8).

*"Priority Wage Claim"* shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(4).

*"Property"* shall mean the property of the Estate which shall be administered by the Debtors.

*"Pro Rata"* shall mean in the same proportion that a Claim or Interest in a given Class bears to the aggregate amount of all Claims (including disputed Claim until allowed or disallowed) or the aggregate number of all Interests in such Class.

*"Schedules"* shall mean the schedules of assets and liabilities, the list of holders of interests and the statement of financial affairs filed by the Debtors under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists and statements have been or may be supplemented or amended from time to time.

*"Secured Claim"* shall mean a Claim, the holder of which is vested with a perfected, non-voidable Lien on Property in which the Debtors have an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Code or other applicable non-bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the Debtors' interest in such Property, as determined in accordance with 11 U.S.C. Section 506.

*"Secured Creditor"* shall mean a Creditor who has a Secured Claim.

*"Substantial Consummation"* of this Plan shall mean the commencement of any of the events provided for in 11 U.S.C. Sec. 1101.

*"Superpriority"* shall mean the rank and payment of a priority debt over any other priority rank or claimant.

*"Trustee"* shall mean the Debtor-in-Possession.

*"Voluntary Petition"* shall mean the voluntary petition for relief filed by each Debtor on the Petition Date.

**ARTICLE II**
**SUMMARY OF THE PLAN**
**CLASSIFICATION AND TREATMENT OF CLAIMS**

**A.      DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

The Proposed Plan contains 10 classes, all structured in accordance with the provisions of 11 U.S.C. §1122 and §1123. All creditors and other parties in interest are urged to read and consider the Plan in full inasmuch as it represents a proposed legally binding agreement with the Debtors and any other party involved. The classes of creditors are as follows:

**CLASS 1      ADMINISTRATIVE CLAIMS**

This class shall consist of all allowed administrative expense priority claims, as provided under Section 503 (a)(2) of the Code, including, but not limited to, court costs accrued since the petition date, fees to the United States Trustee, fees and expenses of bankruptcy professionals retained by the Debtors, as the same are allowed by the Bankruptcy Court and any unpaid taxes or fees accrued since petition date. This Class will also include any allowed administrative expense related to reclamation rights or deposited goods of creditor's, *i.e.* Security Holdings LLC., d/b/a Pioneer Industries; deposits made by Caribe Tecno, S.E.

and  any post petition Collective Bargaining Agreement dues for Christmas Bonus vested on current employees.

**CLASS 2**      **BPPR**

This class shall consist of BPPR's allowed secured claim.  The Debtors listed BPPR in the Schedules as a secured creditor with liens over the Debtors' inventory and accounts receivable in the total amount of over $2,538,940.00 on account of certain lines of credit provided to Debtors by BPPR.  BPPR filed secured claim #2 in the total amount of $2,525,927.01.  In its claim BPPR included the total amounts owed by the Debtors on account of the two credit facilities signed by the Debtors under a single loan identified as Loan No. 1025236-0179.  Throughout the pendency of the bankruptcy petition certain payments have been made to BPPR to reduce the debt, under the agreement for the Use of Cash Collateral.

**CLASS 3**      **LEASES AND EXECUTORY CONTRACTS**

This class includes different kinds of contracts which are identified in Article 8 below under the provisions for executory contracts.  Each contract will be assume or rejected prior to confirmation date.

**CLASS 4**       **PRIORITY CLAIMS**

This class shall consist of all allowed administrative priority claims pursuant to Section 507(a)(4) on account of vacations and sick leave of employees of the Debtors to the extent of $12,475.00 for each individual earned within 180 days before the date of the filing of the petition.  The Debtors listed these claims on their schedules with an amount of $58,648.03.  No other claims have been filed at

and any post petition Collective Bargaining Agreement dues for Christmas Bonus vested on current employees.

**CLASS 2      BPPR**

This class shall consist of BPPR's allowed secured claim. The Debtors listed BPPR in the Schedules as a secured creditor with liens over the Debtors' inventory and accounts receivable in the total amount of over $2,538,940.00 on account of certain lines of credit provided to Debtors by BPPR. BPPR filed secured claim #2 in the total amount of $2,525,927.01. In its claim BPPR included the total amounts owed by the Debtors on account of the two credit facilities signed by the Debtors under a single loan identified as Loan No. 1025236-0179. Throughout the pendency of the bankruptcy petition certain payments have been made to BPPR to reduce the debt, under the agreement for the Use of Cash Collateral.

**CLASS 3      LEASES AND EXECUTORY CONTRACTS**

This class includes six (6) different kinds of contracts which are identified in Article 8   below under the provisions for executory contracts. Each contract will be assume or rejected prior to confirmation date.

**CLASS 4       PRIORITY CLAIMS**

This class shall consist of all allowed administrative priority claims pursuant to Section 507(a)(4) on account of vacations and sick leave of employees of the Debtors to the extent of $12,475.00 for each individual earned within 180 days before the date of the filing of the petition. The Debtors listed these claims on their schedules with an amount of $58,648.03. No other claims have been filed at

7

this juncture. The Bar date to file these claims expires on January 17, 2016.  Any timely claims filed after the filing of this Disclosure Statement will be reconciled and included under this class.

**CLASS 5**      **GENERAL UNSECURED GOVERNMENTAL CLAIMS**

This Class shall include any unsecured claim filed by a governmental entity including but not limited to the Puerto Rico State Insurance Fund .  The Bar date to file claims expires on March 14, 2016.

**CLASS 6**      **OTHER GENERAL UNSECURED CLAIMS NOT INCLUDING REJECTION CLAIMS**

This class shall consist of all other allowed general unsecured claims including any unsecured portion to the claims or debts to the employees.    Any timely claims filed after the filing of this Disclosure Statement will be reconciled and included under this class.

**CLASS 7**      **GENERAL UNSECURD REJECTION CLAIMS**

This Class shall consist of any rejection claims arising out of the rejected executory contracts.

**CLASS 8**      **GENERAL  UNSECURED  CONTINGENT  CLAIMS  RELATED  TO LITIGATION**

This Class shall consist of any allowed contingent related to prepetition litigation in which the Debtors were a party.   Any timely claims filed after the filing of this Disclosure Statement will be reconciled and included under this class.

8

**CLASS 9**      **DEBTS TO STOCKHOLDERS OF PREFFERED CLASS A and B SHARES**

This class shall consist of any allowed claims relating Preferred Stock Class A
and B.

**CLASS 10**      **EQUITY SECURITY HOLDERS AND/OR OTHER INTERST HOLDERS**

This class solely includes all equity security and interest holders which are the
owners of the common stock of American Agencies Co Inc. and New Steel Inc.
This class will receive no dividend at all under the Plan of Reorganization and
will not be allowed to vote.

## B. TREATMENT TO CLASSES

**CLASS 1**      **ADMINISTRATIVE CLAIMS**

This class shall consist of all allowed administrative expense priority claims, as
provided under Section 503 (a)(2) of the Code, including, but not limited to, court
costs accrued since the petition date, fees to the United States Trustee, fees and
expenses of bankruptcy professionals retained by the Debtors, as the same are
allowed by the Bankruptcy Court and any unpaid taxes or fees accrued since
petition date. This Class will also include any allowed administrative expense
related to reclamation rights or deposited goods of creditor's, *i.e.* Security
Holdings LLC., d/b/a Pioneer Industries; deposits made by Caribe Tecno, S.E.
and any post petition Collective Bargaining Agreement dues for Christmas Bonus
vested on current employees. This Class will be paid on effective date or by
agreement of the parties.

**This Class is not impaired**

9

**CLASS 2**     **BPPR**

This class shall consist of BPPR's allowed secured claim.  The Debtors listed BPPR in the Schedules as a secured creditor with liens over the Debtors' inventory and accounts receivable in the total amount of over $2,538,940.00 on account of certain lines of credit provided to Debtors by BPPR.  BPPR filed secured claim #2 in the total amount of $2,525,927.01.  In its claim BPPR included the total amounts owed by the Debtors on account of the two credit facilities signed by the Debtors under a single loan identified as Loan No. 1025236-0179.  Throughout the pendency of the bankruptcy petition certain payments have been made to BPPR to reduce the debt, under the agreement for the Use of Cash Collateral. This Class will be paid in full, from the sale of collateral, within a maximum of 36 months and interest will be paid under the same loan rate.  Debtors will continue to pay monthly instalments of $16,670 on a monthly basis, independent to additional payments to principal due to sale of collateral until full payment of the debt.

**This class is impaired.**

**CLASS 3**     **LEASES AND EXECUTORY CONTRACTS**

This class includes different kind of contracts which are identified in Article VIII below under the provisions for  executory contracts .  Each contract will be assume or rejected prior to confirmation date.  All those contracts assumed will received payment in full or as agreed of any amount owed within the term agreed with such other party, but in no event later than 36 months from the Effective Date.  Those rejected contracts will receive payment for rejection damages as

10

provided under the Bankruptcy Code for each specific kind of contract, under Class 7 below.

**This class is impaired.**

**CLASS 4**     **PRIORITY CLAIMS**

This class shall consist of all allowed administrative priority claims pursuant to Section 507(a)(4) on account of vacations and sick leave of employees of the Debtors to the extent of $12,475.00 for each individual earned within 180 days before the date of the filing of the petition.  The Debtors listed these claims on their schedules with an amount of $58,648.03.  No other claims have been filed at this juncture. Any timely claims filed after the filing of this Disclosure Statement will be reconciled and included under this class. The Debt estimated under this class is $ 58,648.03.

The allowed claims under this class will be paid in full within 36 months of the effective date

**This class is impaired.**

**CLASS 5**     **GENERAL UNSECURED GOVERNMENTAL CLAIMS**

This Class shall include any unsecured claim filed by a governmental entity including but not limited to the Puerto Rico State Insurance Fund.  Claims under this class will be paid 25% of the allowed claim within 36 months from the effective date.

**This class is impaired.**

11

**CLASS 6**     **OTHER GENERAL UNSECURED CLAIMS NOT INCLUDING**

**REJECTION CLAIMS**

This class shall consist of all other allowed general unsecured claims including

any unsecured portion to the claims or debts to the employees.     Any timely

claims filed after the filing of this Disclosure Statement will be reconciled and

included under this class. Debts under this class will be paid 25% of the allowed

claim within 36 months from the effective date.

**This class is impaired.**

**CLASS 7**     **GENERAL UNSECURED REJECTION CLAIMS**

This Class shall consist of any rejection claims arising out of the rejected

executory contracts.     Any timely claims filed after the filing of this Disclosure

Statement will be reconciled and included under this class. Debts under this class

will be paid 25% of the allowed claim within 36 months from the effective date.

**This class is impaired.**

**CLASS 8**     **GENERAL UNSECURED CONTINGENT CLAIMS RELATED TO**

**LITIGATION**

This Class shall consist of any allowed contingent related to prepetition litigation

in which the Debtors were a party.   Any timely claims filed after the filing of this

Disclosure Statement will be reconciled and included under this class.   As

identified in the Payment Schedule included herein, any liability covered by

insurance companies will be paid by the insurance company, those not covered

will be paid by the Debtors, if such claims become a liquidated claim and as such

12

will receive 25% of the allowed claim within 36 months from the effective date .

**This class is impaired.**

**CLASS 9**     **DEBTS TO PREFFERED CLASS A and B**

This class shall consist of any allowed claims relating Preferred Stock Class A

and B.  As identified in the Payment Schedule included herein, these claimants

will receive 25% of the allowed claim within 36 months from the effective date.

**This class is impaired.**

**CLASS 10**     **EQUITY SECURITY HOLDERS AND/OR OTHER INTERST HOLDERS**

This class solely includes all equity security and interest holders which are the

owners of the stock of American Agencies Co Inc. and New Steel Inc.  This class

will receive no dividend at all under the Plan of Reorganization and will not be

allowed to vote.

*(All creditors are requested to review the Payment Plan attached herein as Exhibit #1, which*

*provides for the participants included  in  each class, their claim amount as of this date and*

*the proposed payment under the Plan)[1]*

### ARTICLE III
### IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS

As provided by 11 U.S. C. §1124, a class of claims of interests is impaired under a plan

unless with respect to each claim of interest of such a class, the Plan:

1) leaves unaltered the legal, equitable, and contractual rights to which such claim or

interest entitles the holder of such claim or interest; or

---

[1] This schedule may be amended after the Bar Date elapses.

2) Notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

    a. cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

    b. reinstates the maturity of such claim or interest as such maturity existed before such default;

    c. compensated the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

    d. Does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

**ARTICLE IV**
**PAYMENT TO PRIORITIES UNDER SECTION 507(a)(8) OF THE CODE**

All unsecured priority governmental claims pursuant to Section 507(a)(8) of the Code, as the same are allowed, and any priority portion of any debt to all of the governmental units as they are approved and ordered to be paid by the Court, will receive payment in full of their allowed claim and/or the agreed amount plus prevailing prime rate interest over a period ending no later than five (5) years after the date of the order for relief or as agreed by the parties. The Debtor did not schedule any claims pursuant to this section. Nevertheless, as of this date claims have been filed in the amount of $47,228.47 by the Internal Revenue Service.

The Bar date to file claims expires on March 14, 2016, for a governmental unit. Any timely claims filed after the filing of this Disclosure Statement will be reconciled and included under this class.

## ARTICLE V
## LEASES AND EXECUTORY CONTRACTS

Contracts to which Debtors were a party as of Petition Date, are listed on Debtors' Schedules. Pursuant to the information provided in Debtors' Amended Schedule G, the Debtor maintains the following executory contracts within the following categories

A) **Leases**

- Joviri, Inc., is the Debtors landlord for both locations that the Debtors operate out of, *i.e.* Rio Piedras, PR and Carolina, PR As of the filing of this document the Debtor has requested an extension of 90 days that is until April 15, 2016, to continue discussions with this entity as to new terms and conditions, under the terms of the Plan. Docket No. 108.

B) **Exclusive Distributions Rights**

- ASSA, Inc., the Debtors are an exclusive representative of fittings manufactured by this entity.

- Cornell Iron Works, Inc., the Debtors are an exclusive representative of fittings manufactured by this entity.

- Detex Corp, the Debtors are an exclusive representative of fittings manufactured by this entity.

- Knickerbocker Apart. Corp., the Debtors are an exclusive representative of the doors manufactured by this entity.

15

- McKinney Products Co., the Debtors are an exclusive representative of the fittings manufactured by this entity.

- Sargent MFG. Co. the Debtors are an exclusive representative of the fittings manufactured by this entity.

- Security Holdings LLC., d/b/a Pioneer Industries, the Debtors are an exclusive representative of the doors manufactured by this entity.

**C)** **Construction Contracts**

- Adrilex Construction Services, Inc., the Debtors have a contract to manufacture and install certain steel structures. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors and the retainage owed to the Debtors.

- Cancer Center Hospital, contract to fabricate and install certain steel structures. This contract is completed and the only obligation pending is the payment of the retainage to the Debtors.

- Caribe Tecno, S.E., contract to fabricate and install certain steel structures at the Hospital San Fernando. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- Desarrollos Metropolitanos, contract to fabricate and install certain steel structures at the Instituto Aeronautica & Areoespacial. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

16

- DPM Corporation, contract to fabricate and install certain steel structures at the Urb. El Veterano and at Caguas, Puerto Rico. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- Hemco Construction Corp. contract to fabricate and install certain steel structures at the Plaza Norte Hatillo. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- Engineered Parts & Services, Inc., contract to fabricate and install certain steel structures at the Parque Icono las Cascadas. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- F&R Construction Corp., contract to fabricate and install certain steel structures at the Escuela Vocacional Superior located at Bo. San Isidro. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- ORPI, Inc., contracts to reinforce certain steel structures at the HUYKE # 114 located in Hato Rey. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- SSW Engineering & Construction, LLC., contract to fabricate and install certain steel structures at the Mall of San Juan. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

- SSW Engineering & Construction, LLC., contract to fabricate and install certain steel structures at Nordstrom located in the Mall of San Juan. This contract is completed and the only obligation pending is the payment of the last invoice issued by the Debtors.

17

**D)**     **Collective Bargaining Agreements**

- Debtors have a collective bargaining agreement with United Steel Workers.

**E)**     **Pension Administrators**

- Caribbean Pension Plan Administrator, contract to administer the Debtors' employee pension plan. This contract is terminated the only obligation pending is administrative closing.

**F)**     **Other Executory Contracts**

- Axesa de PR, provider of an information services contract to the Debtors.
- Cockram Projects, Inc., contract to fabricate and install certain steel structures at the Puerto Rico R&D and Parent Seed Facility.
- Omega Engineering, LLC., contract to fabricate and install certain steel structures at the San Rosa Mall.

During the pendency of the instant bankruptcy proceeding, the Debtor has maintained all of the above mentioned agreements in full force and effect. The Debtors will be assuming or rejecting each listed contract on or before confirmation date.

<u>Assumption of Designated Executory Contracts and Unexpired Leases</u>.

Pursuant to Sections 1123 (b)(2) and 365 (a) of the Bankruptcy Code, the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumption, as of the Effective Date, of each executory contract or unexpired lease to which the Debtors is a party for which a motion to assume is pending at the time of the Confirmation Date. Unless otherwise provided in a pending motion to assume, on the Effective Date or as promptly as possible thereafter, the Debtors shall cure any defaults under such assumed executory contracts or unexpired leases to the extent required by Section 365 of the Bankruptcy Code. In addition, to

18

the extent the Debtors has rights of setoff against any of the parties to these leases and contracts, the Debtors reserves the right to cure any defaults under such leases and contracts by exercising this right of setoff.

Rejection of Executory Contracts and Unexpired Leases.

Pursuant to Sections 1123 (b)(2) and 365 (a) of the Bankruptcy Code, the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the rejection, as of the Effective Date, of each executory contract and/or unexpired lease to which the Debtors has  filed a motion to reject such executory contract or unexpired lease.

Executory Contracts and Unexpired Leases not Assumed or Rejected to Date. Any executory contract or unexpired lease (other than insurance policies) which (i) has not expired by its own terms on or prior to the Confirmation Date, (ii) has not been assumed or rejected with the approval of the Bankruptcy Court on or prior to the Confirmation Date, (iii) is not subject of a motion to assume or reject which is pending at the time of the Confirmation Date, or (iv) is not designated in the Disclosure Statement, listing an executory contract or unexpired lease to be assumed at the time of confirmation of this Plan, shall be deemed rejected and the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejection pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

Rejection Damage Claims. If the rejection of an executory contract or unexpired lease by the Debtors results in a claim for damages to the other party or parties to such contract or lease, any claim for such damages, if not hereto evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtors' Estate, or its respective properties or agents, successors or assigns, unless a proof of claim is filed with the Bankruptcy Court and served upon counsel for the Debtors on or before the earlier of, 30 days after the entry of the

19

Order approving the rejection of the contract or unexpired lease, if such rejection is granted before Confirmation Date, or 30 days after Confirmation Date if the Confirmation Order constitutes approval of the rejection. Unless otherwise ordered by the Court or provided in the Plan, all such Allowed Claims for which proofs of claim are timely filed will be treated as Class 6 subject to the provisions of the Plan and to Section 502(b)(6) of the Bankruptcy Code, to the extent applicable. The Debtors shall have the right to object to any such rejection damage claims filed in accordance with this Section.

    Post-Petition Agreements Unaffected By Plan.

    Except as otherwise provided herein, nothing contained in the Plan shall alter, amend or supersede any agreements or contracts entered into by the Debtors after the Petition Date that were otherwise valid, effective and enforceable against the Debtors as of the Confirmation Date.

**ARTICLE VI**
**PROOF OF CLAIMS NOT FILED**

    The Plan provides that where a proof of claim has not been filed, the Allowed Claim shall be in the amount appearing in the Schedules filed by the Debtors, provided however, that the scheduled amount is not shown as unliquidated, contingent or disputed, in which case no amount will be allowed unless the Debtors has notified such creditors and such creditors have filed a timely proof of claim. To the extent that no debt was listed on Debtors' schedules and the creditor was listed for notice purposes only and such creditor did not file a proof of claim, no payment will be provided.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The Debtors, at the option of the Debtors or upon order of the Bankruptcy Court, if requested, may file an objection to any claim as to its validity or amount within 30 days prior or after the Confirmation hearing.  If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing the class to which such claim belongs.

Since the bar date for this case has not expired the Debtors hereby reserves the right to object to any proof of claim filed before the expiration of said date.

## ARTICLE VIII
## CONDITIONS PRECEDENT TO CONSUMMATION

Before the consummation of the Plan takes place, the Confirmation Order should be a final order. Once the Plan is confirmed by a final order, the provisions of the Plan will be the new contract between the parties, even in case of default thereafter. In the event that the conditions for the confirmation of the Plan are not satisfied, this Plan will not be confirmed and shall be null and void and the rights of all holders of claims and interests, and of the Debtors, shall be restored as of the date immediately preceding the Petition Date.

## ARTICLE IX
## NON-ACCEPTANCE OF THE PLAN
## (CRAMDOWN)

If all applicable requirements of 11 U.S.C. §1129(a), other than subsection (a)(8), are met with respect to the Plan, the Debtors hereby requests that the Court confirms this Plan, notwithstanding the requirements of said section, if the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted this Plan.

## ARTICLE X
## MEANS OF EXECUTION OF THE PLAN
## AND MANAGEMENT OF DEBTORS

On the Effective Date of the Plan, the distribution, administration and management of Debtors' affairs, collection of moneys, and distribution to creditors, unless otherwise provided herein, will be under the control and supervision of the current officers, who will assume the same roles they have assumed throughout this reorganization process. They will receive the same levels of compensation that each individual was receiving on accounts of wages earned before the filing of the Bankruptcy Petition.

Funding of the plan will be from the sale of Debtors' assets not otherwise necessary for its future operations of Hardware and Doors[2]; along with collections of accounts receivables. The operations of New Steel and those related to New Steel but carried out by American Agencies will also cease and all assets will be sold, including the machinery and inventory.  The Debtors expect to be able to liquidate these assets within a period of three (3) years from the effective date that will provide distribution to all creditors.

## ARTICLE XI
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The Debtors may propose amendments of modification of the Plan at any time prior to its confirmation, upon notice to creditors and parties in interest. After confirmation of the Plan, the Debtors may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manners as may be necessary to carry out the purposes and effects of the same. If by any chance the Plan of Reorganization is to

---

[2]  The Debtor has received a preliminary offer to purchase the operations of hardware and doors. If such offer materialized a supplement to this Disclosure Statement will be filed.

22

be amended, the creditors shall have a reasonable opportunity to review it with enough time prior to any hearing on confirmation.

## ARTICLE XII
## CLOSING THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be closed, the Debtors shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. The Court shall conduct a hearing upon application thereon and after notice to all creditors and parties in interest. Thereafter, an order approving the Debtors' report and closing of the case shall be entered.

## ARTICLE XIII
## RELEASE AND DISCHARGE OF CLAIMS

Discharge. Except as otherwise expressly provided in the Plan or in Section 1141(d)(1) of the Bankruptcy Code, the distributions made pursuant to and in accordance with the applicable terms and conditions of the Plan of Reorganization are in full and final satisfaction, settlement, release and discharge as against the Debtors of any debt of the Debtors that arose before the date of Confirmation Date, and any debt of the Debtors of a kind specified in Section 502(g), 502(h), or 502 (i) of the Code, and all claims against the Debtors or its Estate of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, other than the interest proposed in Debtors' plan, whether or not (i) a proof of claim based on such debt, obligation or equity interest is filed or deemed filed under Section 501 of the Code, (ii) such Claim is Allowed under Section 502 of the Code, or (iii) the holder of such Claim has accepted the Plan.

23

Injunction Relating to the Confirmed Plan. As of the Effective Date, all persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors and their Estates while payments under the Plan are pending, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the confirmed Plan, except to the extent expressly permitted under the Plan or under any specific order entered by the Bankruptcy Court.

Setoffs. Except as otherwise provided in this Plan, nothing contained in this Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any person.

Transfer of Properties under the Plan.  The transfer of any property (real or personal) to be made under the confirmed plan of reorganization may not be taxed under any law imposing a stamp tax or similar tax, under the provisions of 11 U.S.C. 1146.

## ARTICLE XIV
## OTHER PROVISIONS

Confirmation of the Plan and the Confirmation Order will vest title of all property of the Estate in Debtors and will constitute final settlement of payment to all creditors.

All injunctions or stays provided for in the bankruptcy case at bar under Sections 105 and 362 of the Bankruptcy Code (11 U.S.C.), or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.

The provisions of this Plan shall bind all claims against Debtors of whatever nature, including any claim arising from the rejection of any executory contract, or any other action.

24

Any holder of a claim or interest who fails to file an objection in writing to the provisions of the Plan, which is filed with the Court and served upon counsel for the Debtors, not later than the date set for the confirmation of the plan, shall be deemed to have accepted its classification and to be bound by the proposed Plan.

All actions taken by the Debtors with respect to any person shall not be construed to release, waive, discharge, compromise or in any other way satisfy any claim, except those subject to any agreement between the parties. Upon completion of the requirements of the Plan and the order of confirmation, the Debtors and/or the claimant shall execute all corresponding documents and cooperate fully to reflect, release and/or reaffirm all the obligations herein provided.

There are possible risks under the proposed Plan of Reorganization, considering that the construction industry has fallen in recent years, time to sell the property might be enlarged. Some of the changes that may impact the Plan as proposed concern the time it may take to finalize the sale of large quantities of inventory not necessary for Debtors' operations.

The Plan shall become effective upon the Effective Date of the Plan, which is 30 days after the order confirming the plan becomes a final order and shall be the date on which there shall be made certain initial cash payments under the plan.

To the extent that any term of this Disclosure Statement varies from the terms of the Plan, the terms of the Plan shall govern.

The Debtors do not expect any tax consequences other than those already considered in the Plan and its cash flows.

25

## ARTICLE XV
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by

law, rule or statute, or by the Plan, to enable the Debtors to substantially consummate any and all

proceedings which it may bring or after the entry of the order of confirmation, in order to carry

out the provisions of the Plan and or any related matter.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13 of January, 2016.

Omir Mendez
President

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System, which will send notification of such filing to the

parties appearing in said system including the US Trustee and by the United States Postal

Service to all those parties who have requested a copy and are not within the electronic

notification service.

**C. CONDE & ASSOC.**
Attorney for the Debtors
San José Street #254, 5th Floor
San Juan, P.R. 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
E-mail: condecarmen@condelaw.com
*/S/ Carmen D. Conde Torres*
Carmen D. Conde Torres
USDC No.: 207312

AMERICAN AGENCIES CO., INC.
PAYMENTS UNDER PLAN
Petition Date: 9/15/2015

Bar Date: 1/17/2016
Bar Date Government: 3/14/2016
Effective date:  Approximates 30 days after confirmation

EXHIBIT 1

Blumberg No. 5117

| Creditor | Claim | Class | Notes | Amount expected to be allowed | Amount to be paid |
|---|---|---|---|---|---|
| **CLASS 1**   **ADMINISTRATIVE CLAIMS** | | 1 | | $   335,289 | $   335,289 |
| | | | | | |
| **CLASS 2**   **SECURED CLAIM- BPPR** | 2-1 | 2 | | 2,433,012 | 2,433,012 |
| | | | | | |
| **CLASS 3**   **LEASES AND EXECUTORY CONTRACTS** | | | | | |
| Assa, Inc. | 12-1 | 3 | | 56,205 | 56,205 |
| Cornell Iron Works, Inc. | | 3 | | 2,015 | 2,015 |
| Detex Corp. | | 3 | | 1,702 | 1,702 |
| Knickerbocker Apart. Corp. | 12-1 | 3 | | | - |
| McKinney Products Co. | 12-1 | 3 | | | - |
| Sargent MFG. Co. | 12-1 | 3 | | | - |
| Security Holdings, LLC | | 3 | | - | - |
| | | | | 59,922 | 59,922 |
| | | | | | |
| **CLASS 4**   **PRIORITY CLAIMS** | | | | | |
| Employees- 507(a)(4) | | 4 | A | 27,029 | 27,029 |
| Former Employees | | 4 | | 31,619 | 31,619 |
| | | | | 58,648 | 58,648 |
| | | | | | |
| **CLASS 5**   **GENERAL UNSECURED - GOVERNMENTAL CLAIMS** | | | | | |
| State Insurance Fund | 13-1 | 5 & 3-1 (NS) | | 1,508 | 377 |
| | | | | | |
| **CLASS 6**   **GENERAL UNSECURED - CLAIMS** | | | | | |
| 65 Rental & Sale Corp. | | 6 | | - | - |
| Accredited Lock Supply | | 6 | | 1,385 | 346 |
| Air Louvers | | 6 | | 53 | 13 |
| Alcalde Auto Parts, Inc. | | 6 | | 152 | 38 |
| Allied Waste Service | | 6 | | 179 | 45 |
| Aluma Systems | | 6 | | 83 | 21 |
| Archilla | | 6 | | 139 | 35 |
| Astro Industrial Supply | | 6 | | - | - |
| AT&T Mobility | | 6 | | | |
| Autocentro Toyota | | 6 | | | |
| Blueline Rental PR, Inc. | | 6 | | - | - |
| C.R. Lawrence Co., Inc. | | 6 | | | |
| Café Yaucono | | 6 | | - | - |
| Cal-Royal Products, Inc. | | 6 | | 16,717 | 4,179 |
| Caribbean Express Freight, Inc. | | 6 | | 6,329 | 1,582 |
| Carolina Building Material | 9-1 | 6 | | 144 | 36 |
| Centro Médico del Turabo | | 6 | | 181,452 | 45,363 |
| Centro Pinturas Carolina, Inc. | | 6 | | 476 | 119 |
| Certified Rigging & Lifting Co. | | 6 | | - | - |
| Cortelco Systems PR, Inc. | | 6 | | - | - |
| Cortelco Systems PR, Inc. | | 6 | | 418 | 105 |
| Crespo Ice Plant, Inc. | | 6 | | 262 | 66 |
| Cypress Truck Lines, Inc. | 10-1 | 6 | | 17,385 | 4,346 |
| Daniel Delgado Lopez | | 6 | | 17,635 | 4,409 |
| Dorma USA, Inc. | | 6 | | 495 | 124 |
| Electromatic de PR | | 3 | | 218 | 55 |
| Eduard Electrical & Mech  . | | 6 | | 2,100 | 2,100 |
| Hager Hinge Company | 3-1 | 6 | | 16,840 | 16,840 |
| Federal Express Corp. | | 6 | | 136 | 34 |
| Fire Foe, Inc. | | 6 | | 68 | 17 |
| Gonzalez Sani -Tech, Inc. | | 6 | | 178 | 45 |
| Gonzalez Trading Corp. | | 6 | | 2,177 | 544 |
| Grainger Caribe, Inc. | | 6 | | 422 | 106 |
| Grainger Caribe, Inc. | | 6 | | 86 | 22 |

AMERICAN AGENCIES CO., INC.
PAYMENTS UNDER PLAN
Petition Date: 9/15/2015

Bar Date: 1/17/2016
Bar Date Government: 3/14/2016
Effective date: Approximates 30 days after confirmation

| Creditor | Claim | Class | Notes | Amount expected to be allowed | Amount to be paid |
|---|---|---|---|---|---|
| Hilti Caribe, LLC. | | 6 | | 264 | 66 |
| Impresos Ramos | | 6 | | 262 | 66 |
| Indumet Corporation | | 6 | | 385 | 96 |
| Infra-Metals Company | | 6 | | 4,350 | 1,088 |
| Instant Print Corp. | | 6 | | 247 | 62 |
| Joviri, Inc. | | 6 | | 420,000 | 105,000 |
| Jose L. Camacho | | 6 | | 1,300 | 325 |
| La Casa de los Tornillos | | 6 | | 684 | 171 |
| Lawrence Hardware 1, Inc. | | 6 | | 6,780 | 1,695 |
| Lambton Door | | 6 | | 755 | 189 |
| Linde Gas PR, Inc. | | 6 | | 1,182 | 296 |
| Linde Gas PR, Inc. | | 6 | | 250 | 63 |
| Luis Figueroa | | 6 | | 4,840 | 1,210 |
| Luis Figueroa | | 6 | | 265 | 66 |
| Maderera Donestevez, Inc. | | 6 | | 459 | 115 |
| Magic Transport, Inc. | | 6 | | - | - |
| Master Lock Company | | 6 | | | |
| McNichols Company | 6-1 | 6 | | 1,385 | 346 |
| Messer Cutting Systems, Inc. | 11-1 | 6 | | 1,895 | 474 |
| MM Supply, Inc. | | 6 | | 316 | 79 |
| Nu-vue Industries of PR | | 6 | | - | - |
| Office Depot | | 6 | | - | - |
| Office -IT | | 6 | | - | - |
| Office -IT | | 6 | | 106 | 27 |
| Omnia Industries, Inc. | 5-1 | 6 | | 1,044 | 261 |
| Overly Door Company | | 6 | | - | - |
| Pemko MFG, Co. | | 6 | | 1,353 | 338 |
| Pep Boys | | 6 | | - | - |
| Pitney Bowers PR, Inc. | | 6 | | - | - |
| Power Security, Inc. | | 6 | | - | - |
| PR Wire Products, Inc. | 9-1 | 6 | | 2,719 | 680 |
| PRASA | | 6 | | - | - |
| Praxair PR | | 6 | | 3,951 | 988 |
| Prendes Safety | | 6 | | - | - |
| Prendes Safety | | 6 | | 255 | 64 |
| PREPA | | 6 | | 3,980 | 995 |
| Quality Industrial Safety Corp. | | 6 | | - | - |
| Rafael Benitez Carillo, Inc. | | 6 | | - | - |
| RICOH Puerto Rico, Inc. | | 6 | | 52 | 13 |
| RIMCO, Inc. | | 6 | | - | - |
| Roberto Carbonell | | 6 | | 1,375 | 344 |
| Rodriguez Vacuum Services, Inc. | | 6 | | 2,250 | 563 |
| Safety Zone | | 6 | | 160 | 40 |
| Safety Zone | | 6 | | 66 | 17 |
| Sanchez Technical Refrigeration | | 6 | | 125 | 31 |
| Sherwin Williams Co. | | 6 | | 736 | 184 |
| Sigma Sales, Inc. | | 6 | | - | - |
| Steel & Pipes, Inc. | | 6 | | 384 | 96 |
| Steel Services & Supplies, Inc. | | 6 | | 6,978 | 1,745 |
| Super Automotive Products | | 6 | | 52 | 13 |
| Tecno Lite de PR, Inc. | | 6 | | 350 | 88 |
| Teddy Rental Repair & Services | | 6 | | 238 | 60 |
| Teddy Rental Repair & Services | | 6 | | 84 | 21 |
| TRIMCO | | 6 | | - | - |
| Trujilo Trucking Rental Inc. | | 6 | | - | - |
| Victory Dist. | | 6 | | 1,680 | 420 |
| Universal Industrial Products | | 6 | | - | - |
| Western Aviation Service | | 6 | | - | - |
| Zincalum | | 6 | | - | - |
| | | | | 739,086 | 198,976 |

AMERICAN AGENCIES CO., INC.
PAYMENTS UNDER PLAN
Petition Date: 9/15/2015

Bar Date: 1/17/2016
Bar Date Government: 3/14/2016
Effective date:  Approximates 30 days after confirmation

| Creditor | Claim | Class | Notes | Amount expected to be allowed | Amount to be paid |
|---|---|---|---|---|---|
| **CLASS 7   GENERAL UNSECURED - REJECTED CONTRACTS** | | | | | |
| Pension Administrato Plan | | Pending Closing and Administration Matter | | | Claim to be determined |
| Collective Barganing, United Steel Workers | | See also Class 1 & 7 | | | Claim to be determined |
| **CLASS 8   CONTINGENT LITIGATION CLAIMS** | | | | - | - |
| Carlos Aponte Bermudez | | 8 | B | 100,000 | - |
| Jose R. Rivera Cruz | | 8 | C | 74,415 | 18,604 |
| Wal-Mart de Puerto Rico | | 8 | B | 100,000 | - |
| | | | | 274,415 | 18,604 |
| **CLASS 9   DEBTS TO SHAREHOLDERS- PREFERRED CLASSES  A & B** | | | | | |
| Angel Rodriguez Gonzalez | | 9 | | 6,455,773 | 1,613,943 |
| Guillermo Menendez Rodriguez | | 9 | | 578,579 | 144,645 |
| Lucy Rodriguez | | 9 | | 1,818,305 | 454,576 |
| Priscila Menendez | | 9 | | 578,579 | 144,645 |
| | | | | 9,431,235 | 2,357,809 |
| **CLASS 10   EQUITY SECURITY HOLDERS AND/OR INTEREST HOLDERS** | | | | - | |
| **PRIORITIES, including Interest at 3.25%** | | | | | |
| IRS | | 1-1 & 8-1 | 3 | 47,378 | 47,378 |
| | | | | 47,378 | 47,378 |
| | | | | $   13,380,493 | $   5,510,015 |

Note A   Amount due to employees will be paid through compensatory hours.
Note B   To be paid by insurance company, coverage not rejected
Note C   Employee
Note D   Claims to be adjusted after the Bar Date